UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DERRICK MICHAEL MEANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00231-JMS-MJD |
| ) | |
| RICHARD BROWN Superintendent, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner Derrick Means is serving a 16-year sentence based on his convictions for two counts of operating while intoxicated causing serious bodily injury. Mr. Means was ordered to serve twelve years of his sentence executed to the Indiana Department of Correction and the remaining four years on probation. He now seeks a writ of habeas corpus. For the reasons explained in this Entry, Mr. Means's petition for a writ of habeas corpus is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Factual and Procedural Background**

A federal habeas court presumes that the state courts' account of the facts is accurate unless the petitioner rebuts this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Caffey v. Butler*, 802 F.3d 884, 887-88 (7th Cir. 2015). On direct appeal, the Indiana Court of Appeals found as follows:

> On November 27, 2013, while fleeing from the police in Johnson County, a heavily intoxicated Means rammed his SUV into a vehicle occupied by two adults and their six-year-old son.
>
> ***
>
> On December 16, 2013, the State filed an Information charging Means with: Counts I and II, causing serious bodily injury when operating a motor vehicle while intoxicated with a previous conviction of operating a motor vehicle while intoxicated within the past five years, both Class C felonies; Counts III and IV, resisting law enforcement, both Class C felonies; and Count V, operating a motor vehicle while intoxicated with a previous conviction of operating a motor vehicle while intoxicated within the past five year, a Class D felony.
>
> On November 13, 2014, Means pled guilty to Counts I and II in exchange for a maximum executed sentence cap of six years on each Count, merger of Count V with Counts I and II, and dismissal of Counts III and IV. On January 26, 2015, the trial court held a sentencing hearing and, on January 28, 2015, sentenced Means to an aggregate term of sixteen years, with twelve years executed at the Department of Correction and four years suspended to probation.

*Means v. State*, No. 41A04-1502-CR-68 (Ind. Ct. App. Feb. 25, 2016). Means's convictions and sentence were affirmed by the Indiana Court of Appeals on direct appeal on February 25, 2016. Means did not seek review by the Indiana Supreme Court.

On April 4, 2016, Means filed a petition to correct erroneous sentence in the trial court. That motion was denied on April 13, 2016. He filed a motion to reconsider that ruling on April 29, 2016, and a notice of appeal on July 21, 2016. The appeal was dismissed as untimely and the Indiana Supreme Court denied his petition to transfer.

On May 17, 2017, Means signed and filed this petition for a writ of habeas corpus.

## II. Discussion

In support of his petition for a writ of habeas corpus, Mr. Means challenges his sentence and argues that his counsel was ineffective. The respondent contends that Mr. Means's petition is barred by AEDPA's one-year statute of limitations.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

Means's conviction and sentence became final when the time to file a petition to transfer to the Indiana Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). Because his conviction was affirmed on direct appeal on February 25, 2016, the respondent argues that he had through March 28, 2016, to file a petition to transfer with the Indiana Supreme Court. *See* Ind. App. Rule 57(C) (providing 30 days after the Indiana Court of Appeals issues an opinion to file a petition to transfer). Means therefore had one year from March 28, 2016, to file his petition for a writ of habeas corpus in this Court. His petition filed on May 17, 2017, is too late. The respondent also argues that even if the time to file a petition for a writ of habeas corpus was tolled while his motion to correct erroneous sentence was pending, that time, which was only nine days, was not long enough to make his petition, filed 50 days late, timely.

Means argues that his petition is not untimely because the denial of his petition to transfer challenging the denial of his motion to correct erroneous sentence – and the Indiana Court of Appeals' dismissal of his appeal as untimely – was not issued until November 3, 2016. He also argues that there were lockdowns and cancellations of law library sessions in June of 2016, which presumably delayed his petition.

Means's arguments are based on the presumption that the statute of limitations to file this petition for a writ of habeas corpus was not running while his motion to correct erroneous sentence, his motion to reconsider the ruling on that motion, and his notice of appeal were pending. But even if the statute of limitations stopped running while his motion to correct erroneous sentence was pending, it started again when that motion was denied and he did not file a timely notice of appeal. *See Evans v. Chavis*, 546 U.S. 189, 201 (2006) (AEDPA's one-year statute of limitations period is tolled while an application of post-conviction relief is pending and while an appeal of any ruling on post-conviction review is pending "provided that the filing of the notice of appeal is timely under state law."). Means's contention that the notice of appeal was timely because the trial court never ruled on the motion to reconsider is unconvincing. As the Court of Appeals explained in the order dismissing his appeal, the motion to reconsider the ruling on the motion to correct erroneous sentence did not toll the time he had to file a notice of appeal. While Means did attempt an untimely appeal after the motion was denied, an untimely appeal from collateral review will not extend the period of tolling. *See id*. Thus, even if tolling did occur, the deadline to file a habeas petition would have only extended by nine days until April 6, 2017. *See Carey*, 536 U.S. at 219-20.

Means's suggestion that he was delayed in filing this petition because of law library restrictions and lockdowns in June of 2016 also does not save his claims. A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Even if delays for one month during the period that the statute of limitations was running entitled Means to equitable tolling, these delays, identified only as occurring during June

of 2016, would entitle Means to one month of equitable tolling at most. The present petition, signed and mailed 41 days after the passage of the statute of limitations, would still be untimely.

### III. Conclusion and Certificate of Appealability

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice and his motion for summary judgment, dkt. [9], is **denied**.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/1/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DERRICK MICHAEL MEANS
249037
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Justin F. Roebel
INDIANA ATTORNEY GENERAL
justin.roebel@atg.in.gov